UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MISTY MUNSEY-KILLIAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:18-CV-115; 2:15-CR-107 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Misty Munsey-Killian has filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [doc. 1], raising three claims of ineffective assistance of counsel. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 10] and Petitioner has not submitted a reply within the time allowed by this court's Local Rules. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

[1] All docket references are to Case No. 2:18-CV-115 unless otherwise noted.

## I.

## *Background*

In October 2015, Petitioner and 12 co-defendants were charged in a 50-count superseding indictment primarily relating to controlled substance distribution and money laundering. [Case No. 2:15-CR-107, doc. 40].

In March 2016, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 156, 157]. She agreed to plead guilty to Count Two, a conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine in violation of sections 841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code, and Count Four, a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956.

Prior to Petitioner's change of plea hearing, the United States filed a notice of intent to seek increased punishment, pursuant to 21 U.S.C. § 851, due to Petitioner's three prior felony drug convictions. [Case No. 2:15-CR-107, doc. 141]. The plea agreement set forth Petitioner's applicable mandatory minimum sentence on Count Two—life imprisonment—"[b]ecause of defendant's prior felony drug convictions[.]" [*Id.*, doc. 156, p. 1].

The probation office subsequently disclosed Petitioner's Presentence Investigation Report ("PSR"), deeming her a career offender pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 4B1.1. [*Id.*, doc. 213]. Her total offense level was 34 and her Criminal History Category was VI, generating an advisory guideline range of 262 to 327 months. [*Id.*, ¶ 102]. However, due to the statutorily required term of life imprisonment, Petitioner's restricted guideline range was Life. [*Id.*, ¶¶ 101, 102].

The Court conducted Petitioner's sentencing hearing on July 25, 2017. The Court granted the United States' motion for downward departure pursuant to 18 U.S.C. § 3553(e) [*Id.*, doc. 453] and imposed a net sentence of 235 months' imprisonment. [*Id.*, docs. 471, 472].

Petitioner did not file a direct appeal of her sentence or conviction. Instead, she submitted this timely *pro se* § 2255 motion to vacate on July 23, 2018.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims she was denied her Sixth Amendment right to effective assistance of counsel, a court must presume that the attorney provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). To meet that burden, a petitioner must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell*, 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

III.

*Discussion*

Petitioner raises three claims of ineffective assistance of counsel, all relating to sentencing. Those claims will be addressed in turn.

A. Criminal History Points

Petitioner first claims that "Counsel fail[ed] to argue prior convictions (state) adequately. 1. One charge I hadn't been convicted of. 2. One charge was over 10 years old." [Doc. 1, p. 4]. This claim fails at each step of the *Strickland* analysis.

As pointed out by the United States, this claim is so severely underdeveloped that it is unreviewable. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted). Petitioner does not identify which of her many prior convictions [Case No. 2:15-CR-107, doc. 213, ¶¶ 47-70] she was purportedly

not "convicted of." Similarly, Petitioner does not specify which prior conviction "was over 10 years old" (and thus, presumably, should not have received criminal history points.) A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum*, 262 F.2d at 867.

Further, Petitioner has not explained how these purported errors would have impacted her judgment. With or without the challenged criminal history points, she would still have been, as a career offender, a Criminal History Category VI. *See* U.S.S.G. § 4B1.1(b). As such, her advisory guideline range would have remained the same. More importantly, her restricted guideline range would have remained Life as required by statute.

Petitioner has shown neither error nor prejudice. Claim One will be dismissed.

B. Mitigating Role

By her second claim, Petitioner contends that counsel was ineffective by "fail[ing] to raise appropriate argument under mitigating role adjustment." [Doc. 1, p. 5-6]. Petitioner again has failed to demonstrate prejudice. Even if counsel had successfully argued that Petitioner should receive a mitigating role reduction pursuant to U.S.S.G. § 3B1.2, that gain would have been mooted by Petitioner's career offender status. *See* U.S.S.G. § 1B1.1(a)(3), (6). As a career offender, Petitioner's total offense level would have remained 34 with or without a mitigating role. As explained above, her advisory and restricted guideline ranges would also have remained the same.

Thus, Petitioner again cannot show "a reasonable probability that, but for counsel's [alleged] errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's second claim will be denied.

C. Term of Imprisonment

Lastly, Petitioner claims that her attorney was ineffective because "I still have a very lenghty [sic] sentence even after testifing [sic] against no. #1 defendant on case." [Doc. 1, p. 7].

Again, due to her prior convictions and her admitted conduct in this case, Petitioner faced a mandatory sentence of life in prison. Solely because the government made a downward departure motion pursuant to 18 U.S.C. § 3553(e), the Court was able to impose a lesser sentence. Petitioner's attorney in fact argued for the Court to grant an even greater § 3553(e) reduction than what was recommended by the government. [Case No. 2:15-CR-107, doc. 457]. The Court declined to do so, but the argument was nonetheless well-presented by defense counsel at sentencing.

Petitioner does not explain what more her attorney could or should have done. She has again failed to demonstrate error or prejudice. Her third claim will be denied.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge