UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:15-CR-107 |
| | ) | |
| MISTY MUNSEY KILLIAN | ) | |

**O R D E R**

In 2017, this Court sentenced the defendant to a 235-month term of imprisonment for her role in methamphetamine distribution and money laundering conspiracies. Now before the Court is the defendant's *pro se* motion for sentence reduction based on her rehabilitative efforts. [Doc. 565].

The defendant relies on 18 U.S.C. § 3742(e) and the United States Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011). The Court appreciates the defendant's rehabilitative efforts, but it lacks legal authority to grant the requested relief.

Section 3742(e) describes the review conducted by *an appellate court* when a sentence is before it on appeal. The present defendant's sentence is not before an appellate court. Section 3742 does not grant jurisdiction *to a district court* to review a final sentence. *See, e.g., United States v. Byrnes*, 79 F. App'x 850, 852 (6th Cir. 2003).

As for *Pepper*, the Supreme Court clarified in that ruling that when a defendant's sentence has been set aside on appeal, the district court at resentencing many consider evidence of post-sentencing rehabilitation. In the present case, the defendant's sentence

has not been set aside on appeal. As such, the Court is not in a position to resentence the defendant, with or without consideration of her post-sentencing conduct.

The defendant's motion [doc. 565] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge