UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:15-CR-00107-DCLC-CRW-7 |
| | ) | |
| MISTY MUNSEY-KILLIAN | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Misty Munsey-Killian's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 607].[1] The Federal Defender Services of Eastern Tennessee has reviewed Defendant's motion for eligibility pursuant to § 3582(c)(1)(A) and notified the Court that it does not intend to file additional pleadings [Doc. 609]. The United States responded in opposition [Doc. 613] and Defendant replied [Doc. 624]. For the reasons discussed below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In April 2016, Defendant pled guilty to conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Docs. 156, 183]. At sentencing, Defendant qualified as a career offender, with a guideline range of life imprisonment [Doc. 213 ¶ 40; Doc. 472 at 1]. The Court granted a downward departure and sentenced Defendant to a custodial term of 235 months [Doc. 472 at 2; Doc. 471 at 2]. Her projected release date is in May 2030. *See* Federal Bureau of Prisons Inmate

[1] This is Defendant's second compassionate release motion. She filed the first motion in February 2023, based on her risk from COVID-19, family circumstances, and her rehabilitative efforts [Doc. 568]. The Court denied the motion, finding that Defendant had not provided any extraordinary and compelling circumstances and the applicable § 3553(a) factors did not support a sentence reduction [Doc. 575 at 5–6].

Locator, https://www.bop.gov/inmateloc/ (accessed September 8, 2026).

Defendant now moves for compassionate release "based on the policy disagreement between actual methamphetamine vs. methamphetamine mixture" [Doc. 607 at 5]. She also highlights her rehabilitative efforts [*Id.* at 7]. The United States opposes the motion on the grounds that Defendant did not satisfy the exhaustion requirement; she fails to present an extraordinary and compelling reason for a sentence reduction; and the factors under 18 U.S.C. § 3553(a) weigh against her release [Doc. 613 at 3, 4, 7].

**II. LEGAL FRAMEWORK**

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The compassionate release statute authorizes courts to reduce a prisoner's sentence if three requirements are met: (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) a sentence reduction is consistent with the factors under 18 U.S.C. § 3553(a), "to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Sentencing Commission's policy statement applicable to compassionate release lists six categories of extraordinary and compelling circumstances: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody; (5) "other reasons" similar in gravity as the foregoing reasons; and (6) a gross sentence disparity due to a change in the law (other than

a nonretroactive amendment to the Guidelines Manual). U.S.S.G. § 1B1.13(b). However, the United States Supreme Court has held that the sixth category is invalid to the extent it permits courts to consider nonretroactive changes in sentencing law. *Rutherford v. United States*, 146 S. Ct. 1320, 1335 (2026); *see also United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025) (concluding that § 1B1.13(b)(6) is invalid because "the Commission overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers").

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

## III. DISCUSSION

### A. Exhaustion

The United States argues that Defendant failed to exhaust administrative remedies, citing several compassionate release requests that Defendant submitted to the Bureau of Prisons ("BOP"), none of which include the claim she raises here [Doc. 613 at 3]. In reply, Defendant provides a copy of a February 13, 2024, email she sent to the warden at her prison, requesting compassionate release based on the Sentencing Guidelines' disparate treatment of methamphetamine offenses [Doc. 624-2]. The warden's reply to that email consists of a single sentence: "This is not how you file an Administrative Remedy" [*Id.*]. In addition, Defendant provides a copy of BOP's compassionate release instructions, which permit inmates to submit

electronic copout requests to the warden, with no special form required [Doc. 624-1].

The Court finds that the exhaustion requirement has been met. Defendant shows that she presented her claim to the BOP and apparently followed an appropriate procedure to do so. While the warden indicated that Defendant should have submitted her request some other way, no explanation was provided for what she should have done differently. And more than thirty days have passed without Defendant receiving a substantive response to her request. Given the foregoing, the Court has jurisdiction over Defendant's motion.

**B. Defendant's Claim**

Defendant argues that a sentence reduction is warranted because the Sentencing Guidelines impose a disproportionately harsh penalty on actual methamphetamine offenses, as opposed to offenses involving a methamphetamine mixture [Doc. 607 at 1, 5].[2] She asks the Court to "reject the purity level distinction" and resentence her under recalculated guidelines [*Id.*]. In support of this argument, she cites other district courts that have sentenced defendants below the actual methamphetamine guidelines on policy grounds [*Id.* at 2–5].[3] The United States contends that Defendant's claim is not reviewable under the compassionate release statute and in any event, her claim is not extraordinary and compelling [Doc. 613 at 5].

As an initial matter, the Court notes that the Guidelines' methamphetamine purity

[2] The Guidelines' Drug Quantity Table uses a 10:1 weight ratio between methamphetamine mixtures and actual methamphetamine to calculate the offense level for methamphetamine offenses. *United States v. Johnson*, 95 F.4th 404, 418-19 (6th Cir. 2024) (citing U.S.S.G. § 2D1.1(c)). This ratio reflects the disparity in the underlying statute, which provides that an offense involving pure methamphetamine triggers a ten-year mandatory penalty at fifty grams, whereas an offense involving a methamphetamine mixture triggers the same penalty at 500 grams. *United States v. Kennedy*, 63 F.4th 542, 554 (6th Cir. 2023) (citing 21 U.S.C. § 841(b)(1)(A)(viii)).

[3] While courts may vary downward at sentencing based on a policy disagreement with the actual methamphetamine guidelines, they are not required to do so. *United States v. Kennedy*, 65 F.4th 314, 326 (6th Cir. 2023). This Court has regularly rejected requests for a variance at sentencing based on essentially the same methamphetamine purity argument that Defendant presents here. *United States v. Weems*, No. 2:18-CR-00017-DCLC-CRW, 2025 LX 367062, at *10 (E.D. Tenn. Aug. 29, 2025) ("That other district courts have expressed disagreement with the [methamphetamine] guidelines as a policy matter on this issue has not persuaded the undersigned to follow suit.").

distinction did not have a direct impact on Defendant's guideline range. Certainly, the Presentence Investigation Report calculated Defendant's offense level under the default guidelines, which take into account the drug weight [Doc. 213 ¶¶ 28–43]. But Defendant's offense level under the career offender provision was greater, and therefore that number was ultimately used in calculating her guidelines [*Id.* ¶¶ 40–43, 102]. Under the career offender provision, offense level is determined by a special table based on the statutory maximum of the offense, not the Guidelines' Drug Quantity Table. *See* U.S.S.G. § 4B1.1.

Even if Defendant's sentence had been affected by the Guidelines' distinction between actual methamphetamine and methamphetamine mixture, "[c]ompassionate release is not the proper vehicle to raise arguments 'that were or could have been raised on direct appeal or in a [28 U.S.C.] § 2255 motion.'" *United States v. Mattice*, No. 20-3668, 2020 U.S. App. LEXIS 31870, at *5 (6th Cir. Oct. 7, 2020) (alterations in original) (citing *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019)). "Because defendant's argument regarding the Sentencing Guidelines could have been raised on appeal, or potentially in a § 2255 motion, it is not properly raised in the instant compassionate release motion." *United States v. Elvir*, No. 3:19-CR-208-TAV-JEM-5, 2024 U.S. Dist. LEXIS 210092, at *8 (E.D. Tenn. Nov. 19, 2024) (finding that defendant's policy disagreement with the Sentencing Guidelines' purity level distinction for methamphetamine offenses was not cognizable under § 3582(c)(1)(A)).

Defendant also highlights her rehabilitative efforts, which are substantial. As shown in exhibits to her motion, she has completed non-residential drug treatment, maintained employment, taken advantage of extensive programming, and incurred no disciplinary sanctions [*See* Docs. 607-1, 607-3]. The Court commends Defendant for her achievements and good conduct. However, rehabilitative efforts, by themselves, cannot provide a basis for compassionate release. 28 U.S.C.

§ 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").[4]

## IV. CONCLUSION

In sum, Defendant has not provided an extraordinary and compelling reason for a sentence reduction and therefore, her motion for compassionate release [Doc. 607] is **DENIED**.

**SO ORDERED:**

**ENTER:**

s/Clifton L. Corker
United States District Judge

[4] Defendant also submitted a number of letters of support from family and friends, which the Court has reviewed [Doc. 607-2].